UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT COLLINS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NTN BEARING CORPORATION OF AMERICA, NTN USA CORPORATION, and AMERICAN NTN BEARING MANUFACTURING CORPORATION.<br><br>Defendants. | Case No. 24-cv-6726<br><br>Hon. Mary M. Rowland |

### PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Scott Collins ("Collins") respectfully submits this supplemental authority to inform the Court of the order denying Defendant NTN Bearing Corporation of America's motion to dismiss in *James Dal Cerro v. NTN Bearing Corporation of America*, 2024-L-000075 (Cir. Ct. Sixteenth Judicial Circuit Ill. June 18, 2024).[1] Collins only recently learned of the existence of the *Dal Cerro* litigation when it was disclosed by NTN during the course of written discovery in the present action. Both this case and *Dal Cerro* involve class action complaints alleging violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 *et seq.*, arising from NTN's alleged solicitation of family medical histories during mandatory preemployment physical examinations performed by third-party medical providers selected by NTN. The factual and legal

---

[1] The sole defendant is *Dal Cerro* is NTN Bearing Corporation of America ("NBCA"). In the present case, Collins filed suit against NBCA as well as Co-Defendants NTN USA Corporation ("NUC") and American NTN Bearing Manufacturing Corporation ("ANBM") (collectively, "NTN"). According to NTN's verified Interrogatory responses, Collins was employed only by ANBM. According to the pleadings filed in *Dal Cerro*, the plaintiff in that case was employed by NBCA.

arguments raised by NTN in *Dal Cerro*—which were explicitly rejected by the state court—are virtually identical those raised in its pending Motion to Dismiss currently before the Court in the present action.[2]

The Court may rely on the *Dal Cerro* opinion as persuasive authority. Good cause exists to support this Notice as: (i) the above-referenced decision was not known to Collins at the time he filed his response brief opposing NTN's Motion to Dismiss; and (ii) NTN conspicuously failed to bring the *Dal Cerro* decision to the Court's attention as part of its Motion to Dismiss briefing.

Dated: November 12, 2024

    Respectfully submitted,

    */s/ S. Jarret Raab*
    Gary M. Klinger
    S. Jarret Raab
    MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
    227 W. Monroe Street, Suite 2100
    Chicago, Illinois 60606
    Tel. 866.252.0878
    gkliner@milberg.com
    jraab@milberg.com

    Zachary Arbitman
    George Donnelly*
    FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP
    1845 Walnut Street, 21st Floor
    Philadelphia, Pennsylvania 19103
    Tel: 215.567.8300
    zarbitman@feldmanshepherd.com
    gdonnelly@feldmanshepherd.com

    *Admitted Pro Hac Vice*

    *Counsel for Plaintiff and the Proposed Class*

---

[2] Copies of the Order denying NTN's motion to dismiss in *Dal Cerro*, as well as NTN's corresponding brief in support of its motion, are attached as **Exhibit 1** and **Exhibit 2**, respectively.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 12, 2024, I caused a true and correct copy of the foregoing Plaintiff's Second Notice of Supplemental Authority to be filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matter.

                                                                   */s/ S. Jarret Raab*
                                                                   S. Jarret Raab